UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS KEITH SAND,

    Plaintiff,

v.

HUMBOLDT COUNTY CORRECTIONAL FACILITY, et al.,

    Defendants.

Case No. 24-cv-00872-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

1  cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to
2  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
3  U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
4  plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile
5  legal conclusions can provide the framework of a complaint, they must be supported by factual
6  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
7  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
8  *v. Iqbal*, 556 U.S. 662, 679 (2009).

9  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11 the alleged deprivation was committed by a person acting under the color of state law. *West v.*
12 *Atkins*, 487 U.S. 42, 48 (1988).

13 **Legal Claims**

14 Plaintiff alleges that he has found foreign substances in his food at the jail. It appears
15 Plaintiff is a pretrial detainee.

16 When a pretrial detainee challenges conditions of his confinement, the proper inquiry is
17 whether the conditions amount to punishment in violation of the Due Process Clause of the
18 Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not
19 acquire the power to punish with which the Eighth Amendment is concerned until after it has
20 secured a formal adjudication of guilt in accordance with due process of law. Where the State
21 seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due
22 Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651,
23 671-72 n.40 (1977)). Unsanitary conditions can, when severe enough, violate the Fourteenth
24 Amendment rights of pretrial detainees by rising to the level of punishment. *Shorter v. Baca*, 895
25 F.3d 1176, 1185 (9th Cir. 2018).

26 Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v.*
27 *Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). The Eighth
28 Amendment requires only that prisoners receive food that is adequate to maintain health; it need

2

not be tasty or aesthetically pleasing. *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam) (8th Amendment requires that pretrial detainees be given food that meets or exceeds the Department of Agriculture's Dietary Guidelines). The Ninth Circuit has found that, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff's brief complaint states that on several occasions he found hair, rocks, cleaning chemicals or spittle in his food. Jail staff did not give him a new tray of food and told him to eat around the foreign substances.

The complaint is dismissed with leave to amend to provide more information. Plaintiff should first state if he is a pretrial detainee or a convicted prisoner. While Plaintiff lists several defendants in the caption, he fails to identify any specific defendant in the body of the complaint. Plaintiff must identify individual defendants and specifically describe how they violated his constitutional rights. Plaintiff must also provide more information regarding how often he discovered foreign substances in his food and how it rises to the level of a constitutional violation.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

3

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 25, 2024

ROBERT M. ILLMAN
United States Magistrate Judge